In re:  Case No. 20-07377-PS
FERNANDO PULIDO  Chapter 13
NAYELI PULIDO
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0970-2      User: admin      Page 1 of 3
Date Rcvd: Nov 13, 2023      Form ID: pdf010      Total Noticed: 41

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^      Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

+++      Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e).

##      Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 15, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | +++ | FERNANDO PULIDO, 15912 W VOGEL AVENUE, GOODYEAR, AZ 85338-3568 |
| jdb | +++ | NAYELI PULIDO, 15912 W VOGEL AVENUE, GOODYEAR, AZ 85338-3568 |
| 16117256 | + | Childrens Place, 500 plaza drive, Secaucus NJ 07094-3668 |
| 16117271 | + | R&D Wong Invesments LLC, 10765 Grand Ave, Sun City AZ 85351-3452 |
| 16117273 | + | TinyTeeth, 15661 w. roosevelt street, Goodyear AZ 85338-9307 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: bankruptcynotices@azdor.gov | Nov 14 2023 01:50:00 | AZ DEPARTMENT OF REVENUE, BANKRUPTCY & LITIGATION, 1600 W. MONROE, 7TH FL., PHOENIX, AZ 85007-2650 |
| 16117248 | | Email/Text: ebnbankruptcy@ahm.honda.com | Nov 14 2023 01:52:00 | American Honda Finance, Attn: Bankruptcy, Po Box 168088, Irving TX 75016 |
| 16123244 | | Email/Text: ebnbankruptcy@ahm.honda.com | Nov 14 2023 01:52:00 | American Honda Finance Corporation, National Bankruptcy Center, P.O. Box 168088, Irving, TX 75016-8088 |
| 16117247 | ^ | MEBN | Nov 14 2023 01:45:52 | Account Resolution Services, Attn: Bankruptcy, Po Box 459079, Sunrise FL 33345-9079 |
| 16117249 | + | Email/Text: bankruptcynotices@azdor.gov | Nov 14 2023 01:50:00 | Arizona Department of Revenue, P.O. Box 52016, Phoenix AZ 85072-2016 |
| 16117251 | + | Email/Text: bankruptcy@bmecollect.com | Nov 14 2023 01:51:00 | Bureau Of Medical Economics, Attn: Bankruptcy, Po Box 20247, Phoenix AZ 85036-0247 |
| 16144024 | | Email/PDF: bncnotices@becket-lee.com | Nov 14 2023 02:12:46 | CAPITAL ONE, N.A., C/O BECKET AND LEE LLP, PO BOX 3001, MALVERN PA 19355-0701 |
| 16117257 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Nov 14 2023 01:52:00 | COMENITY - VICTORIA'S SECRET, PO BOX 659728, SAN ANTONIO TX 78265-9728 |
| 16117252 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Nov 14 2023 02:11:18 | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City UT 84130-0285 |
| 16125735 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Nov 14 2023 02:11:47 | Capital One Bank (USA), N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 16117253 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Nov 14 2023 02:11:30 | Capital One/Helzberg, Attn: Bankruptcy, Po Box 30285, Salt Lake City UT 84130-0285 |

| Record | | Notice Method | Date/Time | Recipient |
|---|---|---|---|---|
| 16117254 | + | Email/Text: rm-bknotices@bridgecrest.com | Nov 14 2023 01:53:00 | Carvana, PO BOX 29018, Phoenix AZ 85038-9018 |
| 16117258 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Nov 14 2023 01:52:00 | Comenity Bank, PO Box 182789, Columbus OH 43218-2789 |
| 16117259 | + | Email/PDF: creditonebknotifications@resurgent.com | Nov 14 2023 02:11:45 | Credit One Bank, Attn: Bankruptcy Department, Po Box 98873, Las Vegas NV 89193-8873 |
| 16117260 | + | Email/Text: cscbk@creditservicecompany.com | Nov 14 2023 01:52:00 | Credit Service Company, Attn: Bankruptcy, Po Box 1120, Colorado Springs CO 80901-1120 |
| 16117261 | | Email/Text: mrdiscen@discover.com | Nov 14 2023 01:50:00 | Discover Financial, Attn: Bankruptcy Department, Po Box 15316, Wilmington DE 19850 |
| 16117262 | + | Email/Text: bankruptcy@emeraldar.com | Nov 14 2023 01:52:00 | Emerald AR Systems, 3636 North Central Avenue, Suite 650, Phoenix AZ 85012-1968 |
| 16117263 | + | Email/Text: bknoticing@grantweber.com | Nov 14 2023 01:52:00 | Grant & Weber, Attn: Bankruptcy, 26610 Agoura Road, Suite 209, Calabasas CA 91302-2975 |
| 16117264 | + | Email/Text: bk@hughesfcu.org | Nov 14 2023 01:53:00 | Hughes Federal Credit Union, Attn: Bankruptcy, Po Box 11900, Tucson AZ 85734-1900 |
| 16117265 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Nov 14 2023 01:52:00 | IRS, Central Insolvency Operations, PO Box 7346, Philadelphia PA 19101-7346 |
| 16117266 | + | Email/Text: PBNCNotifications@peritusservices.com | Nov 14 2023 01:51:00 | Kohls/Capital One, Attn: Credit Administrator, Po Box 3043, Milwaukee WI 53201-3043 |
| 16117267 | | Email/Text: Bankruptcy@recoveryatty.com | Nov 14 2023 01:51:00 | Law Office of James Vaughan, PC, 11445 E. Via Linda, Ste 2-610, Scottsdale AZ 85259 |
| 16147049 | | Email/PDF: resurgentbknotifications@resurgent.com | Nov 14 2023 02:11:14 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 16117268 | + | Email/Text: bankruptcydpt@mcmcg.com | Nov 14 2023 01:52:00 | Midland Funding, Attn: Bankruptcy, 350 Camino De La Reine Ste 100, San Diego CA 92108-3007 |
| 16143931 | + | Email/Text: bankruptcydpt@mcmcg.com | Nov 14 2023 01:52:00 | Midland Funding LLC, PO Box 2011, Warren, MI 48090-2011 |
| 16117269 | + | Email/PDF: pa_dc_claims@navient.com | Nov 14 2023 02:11:47 | Naviet, Attn: Claims Dept, Po Box 9500, Wilkes-Barr PA 18773-9500 |
| 16117270 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Nov 14 2023 02:11:55 | Portfolio Recovery, Attn: Bankruptcy, 120 Corporate Blvd, Norfolk VA 23502 |
| 16177068 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Nov 14 2023 02:11:47 | Portfolio Recovery Associates, LLC, POB 12914, Norfolk, VA 23541 |
| 16117449 | + | Email/PDF: rmscedi@recoverycorp.com | Nov 14 2023 02:11:14 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 16131798 | | Email/PDF: resurgentbknotifications@resurgent.com | Nov 14 2023 02:12:50 | Pinnacle Credit Services, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 16190950 | | Email/Text: bnc-quantum@quantum3group.com | Nov 14 2023 01:52:00 | Quantum3 Group LLC as agent for, Comenity Bank, PO Box 788, Kirkland, WA 98083-0788 |
| 16190949 | | Email/Text: bnc-quantum@quantum3group.com | Nov 14 2023 01:52:00 | Quantum3 Group LLC as agent for, Comenity Capital Bank, PO Box 788, Kirkland, WA 98083-0788 |
| 16117272 | + | Email/Text: bncmail@w-legal.com | Nov 14 2023 01:52:00 | Target, Attn: Bankruptcy, Po Box 9475, Minneapolis MN 55440-9475 |
| 16117274 | + | Email/Text: collectionservices@trojanonline.com | Nov 14 2023 01:52:00 | Trojan Professional Srvs, Attn: Bankruptcy, Po Box 1270, Los Alamitos CA 90720-1270 |
| 16117275 | + | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Nov 14 2023 02:12:53 | Wells Fargo Bank NA, Attn: Bankruptcy, 1 Home Campus Mac X2303-01a, Des Moines IA 50328-0001 |

| Recip ID | | | |
|---|---|---|---|
| 16125881 | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Nov 14 2023 02:12:55 | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |

TOTAL: 36

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 16117255 | | Cbcs |
| cr | *+ | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| cr | * | Quantum3 Group LLC as agent for, Comenity Bank, PO Box 788, Kirkland, WA 98083-0788 |
| 16117250 | ##+ | Browns Collection Svc, 1700 S 1st Ave, Yuma AZ 85364-5748 |

TOTAL: 1 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2023          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 13, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| RUSSELL BROWN | on behalf of Trustee RUSSELL BROWN ecfmailclient@ch13bk.com |
| RUSSELL BROWN | ecfmailclient@ch13bk.com |
| Rachel Elizabeth Flinn | on behalf of Trustee RUSSELL BROWN rflinn@ch13bk.com dsmith@ch13bk.com |
| THOMAS ADAMS MCAVITY | on behalf of Joint Debtor NAYELI PULIDO documents@phxfreshstart.com tom@phxfreshstart.com |
| THOMAS ADAMS MCAVITY | on behalf of Debtor FERNANDO PULIDO documents@phxfreshstart.com tom@phxfreshstart.com |
| U.S. TRUSTEE | USTPRegion14.PX.ECF@USDOJ.GOV |

TOTAL: 6

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re
**Fernando Pulido**
**Nayeli Pulido**

Debtor(s).

Case No. **2:20-bk-07377**

**CHAPTER 13 PLAN**

☐ Original
☑ Amended
☐ Modified
☐ Payments include post-petition mortgage payments
☑ Flat Fee/Administrative Expense
☐ Hourly Fee/Administrative Expense

This Plan[1] includes the following (check all that are applicable):

☐ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
☐ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor[2]. The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.
This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under 11 U.S.C. § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable non-bankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

☑ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:

Summarize how the Plan varies from the last Plan filed:

**(A) Plan Payments and Property to be Submitted to the Trustee.**

---

[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Plan payments start on **July 15, 2020**. The Debtor shall pay the Trustee as follows:

$**750** each month for month **1** through month **3**.
$**0** each month for month **4** through month **4**.
$**754** each month for month **5** through month **5**.
$**750** each month for month **6** through month **7**.
$**751** each month for month **8** through month **8**.
$**750** each month for month **9** through month **10**.
$**0** each month for month **11** through month **11**.
$**1211** each month for month **12** through month **12**.
$**0** each month for month **13** through month **13**.
$**750** each month for month **14** through month **18**.
$**0** each month for month **19** through month **19**.
$**750** each month for month **20** through month **22**.
$**2218** each month for month **23** through month **23**.
$**0** each month for month **24** through month **24**.
$**750** each month for month **25** through month **25**.
$**1464** each month for month **26** through month **26**.
$**750** each month for month **27** through month **27**.
$**0** each month for month **28** through month **30**.
$**1452** each month for month **31** through month **31**.
$**750** each month for month **32** through month **32**.
$**0** each month for month **33** through month **34**.
$**1580** each month for month **35** through month **35**.
$**0** each month for month **36** through month **36**.
$**40** each month for month **37** through month **37**.
$**1580** each month for month **38** through month **38**.
$**790** each month for month **39** through month **39**.
$**0** each month for month **40** through month **40**.
$**790** each month for month **41** through month **60**.

The proposed plan duration is **60** months. The applicable commitment period is **60** months.
See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee:

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

  **(1)** Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

  **(a)** *Adequate protection payments to creditors secured by personal property.*

  ☐ None. *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.*

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, <u>unless</u> the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| Carvana | 2018 Chevrolet Impala 35,000 miles | $13,000.00 | $250.00 |

☐ **Nonstandard Provisions.** See Section (H)

    **(b)** *Mortgage Conduit Payments.*

        ☑ **None.**

        The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

**(2)** *Administrative expenses.* Code § 507(a)(2).

    **(a)** *Attorney fees.* Debtor's attorney has agreed to:

      ☑ A flat fee of $__**6,000.00**__, of which $__**0.00**__ was paid before the filing of the case (See Local Rule 2084-3);
      **or**

      ☐ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $____, of which $____ was paid before the filing of the case.

    **(b)** *Additional Services.* Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

      (i)    Before Confirmation:
            ☐ Adversary proceedings $.
            ☐ Lien Avoidance Actions $.
            ☐ Preparing and filing of any motion to sell property $.
            ☐ Other Flat Fees for $.

      (ii)    After Confirmation
            ☑ Preparing and filing of Modified Plan $__**750**__.
            ☑ Responding to motion to dismiss and attendance at hearings $__**750**__.
            ☑ Defending motion for relief from the automatic stay $__**750**__.
            ☐ Adversary proceedings $.
            ☐ Lien Avoidance Actions $.
            ☑ Preparing and filing of any motion to sell property $__**750**__.
            ☑ Other Flat Fees for __**Reinstate Case**__ $__**750**__.

    All other additional services will be billed at the rate of $**335** per hour for attorney time and $**160** per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

    **(c)** *Other Professional Expenses*:

    [                                                                                           ]

**(3)** *Leases and Unexpired Executory Contracts.*

    ☑ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed.*

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

    **(a)** *Assumed.*

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
| | | | |

☐ **Nonstandard Provisions.** See Section (H)

**(b)** *Rejected.*

| Creditor | Property Description |
|---|---|
| | |

☐ **Nonstandard Provisions.** See Section (H)

**(4)** *Creditors with a Security Interest in Real Property.*

☑ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed.*

**(a)** *Claim Wholly Unsecured.* The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
| **-NONE-** | | | |

**(b)** *No Pre-Petition Mortgage Arrears.* To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
| **-NONE-** | | |

**(c)** *Curing of Default and Maintenance of Payments.* Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed | Arrearage Amount Owed Through | Interest Rate, if applicable (i.e., HOAs) |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

☐ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5) is not to be completed.*

Case 2:20-bk-07377-PS  Doc 69  Filed 11/13/23  Entered 11/15/23 22:40:54  Desc
Imaged Certificate of Notice  Page 7 of 11

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.*

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
| Carvana | 2018 Chevrolet Impala 35,000 miles | $27,691.45 | 6.00% |

☐ This debt has nonfiling codebtor(s) other than a spouse.
        Name(s) of other individual(s) liable: ____
        Post-petition payments to be made by: ☐ Trustee; or
                                          ☐ Nonfiling codebtor.
☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims.*

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.*

Secured creditors listed below shall be paid the amount shown below as the Amount to Be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to Be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
| | | | | |

☐ **Nonstandard Provisions**. See Section (H).

**(c) Lien Avoidance.**

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(c) is not to be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.*

☐ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under § 507 shall be paid in full, pro rata:

**(a)** *Unsecured Domestic Support Obligations.* The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|
|  |  |

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| Arizona Department of Revenue | 11 U.S.C. 507(a)(8) | $0.00 |
| IRS | 11 U.S.C. 507(a)(8) | $0.00 |

☐ **Nonstandard Provisions.** See Section (H).

**(7)** *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

☐ **Nonstandard Provisions.** See Section (H).

**(D) Surrendered Property.**

☑ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
|  |  |

**(E) Vesting.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

☐ **Nonstandard Provisions.** See Section (H).

**(F) Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
|  |

**(G) Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) Nonstandard Provisions.** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☑ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*
☐ Provide the detail required above.

| Nonstandard Provisions |
|---|
|  |

**(I)** <u>Plan Summary</u>. If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

| | | | |
|---|---|---|---:|
| (1) | Trustee's compensation (10% of Total plan payments to Trustee) | $ | 4,176.00 |
| (2) | Administrative Expenses (§(C)(2)) | $ | 6,000.00 |
| (3) | Leases and Executory Contracts (§(C)(3)) | $ | 0.00 |
| (4) | (a) Conduit Mortgage Payments (§ (C)(4)(c)) | $ | 0.00 |
| (4) | (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)) | $ | 0.00 |
| (5) | (a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. | $ | 27,691.45 |
| (5) | (b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. | $ | 0.00 |
| (6) | Priority Unsecured Claims (§(C)(6)) | $ | 0.00 |
| (7) | Unsecured Nonpriority Claims (§ (c)(7)) | $ | 3,892.55 |
| (8) | Total of Plan Payments to Trustee | $ | 41,760.00 |

**(J)** **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

| | | | |
|---|---|---|---:|
| (a) | Value of Debtor's interest in nonexempt property | $ | 3,400.00 |
| (b) | Plus: Value of property recoverable under avoidance powers | $ | 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ | 850.00 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ | 0.00 |
| (e) | Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ | 2,550.00 |

(2) Section 1325(b) Analysis:

| | | | |
|---|---|---|---:|
| (a) | Monthly Disposable Income, Form B122C-2, (if less than $0, then state $0) | $ | 181.43 |
| (b) | Applicable Commitment Period | $ | 60 |
| (c) | Total of Line 2(a) amount x **60** | $ | 10,885.80 |
| (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | | $ | 3,892.55 |

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: **November 13, 2023**

/s/**Fernando Pulido**  
**Fernando Pulido**  
Debtor

/s/**Nayeli Pulido**  
**Nayeli Pulido**  
Debtor

/s/**Tom McAvity**  
**Tom McAvity**  
Attorney for Debtor  
**Phoenix Fresh Start Bankruptcy Attorneys**  
**4131 Main Street**  
**Skokie, IL 60076-2780**  
**602-598-5075 Fax: 1-866-241-4176**  
tom@phoenixfreshstartbankruptcy.com